Aileen E. Cohen, Esq.
Nev. Bar. No. 005263
Michael C. Mills, Esq.
Nev. Bar. No. 003534
Bauman Loewe Witt & Maxwell, PLLC
3650 North Rancho Drive, Suite 114
Las Vegas, Nevada 89130
Telephone: 702-240-6060
Facsimile: 720-240-4267

Counsel for Defendant
LAZER SPOT, INC.

**UNITED STATE DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LEPATRICK FEATHERSTON, and individual, on behalf of himself and all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LAZER SPOT, INC., a foreign corporation; EMPLOYEE(S)/AGENT(S) DOES I-X; and ROE CORPORATIONS XI-XX, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT LAZER SPOT, INC.'S NOTICE OF REMOVAL** |

**DEFENDANT LAZER SPOT, INC.'S NOTICE OF REMOVAL**

Defendant Lazer Spot, Inc., by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, files this Notice of Removal of the above-titled action to this Court from Eighth Judicial District Court in and for Clark County, Nevada. In support of this Notice of Removal, Lazer Spot states as follows:

## BACKGROUND

1. On or about March 22, 2017, Plaintiff filed his Complaint in the Eighth Judicial District Court in and for Clark County, Nevada, titled *LePatrick Featherston, et al. v. Lazer Spot, Inc., et al*, Case No. A-17-752871-C. In his Complaint, Plaintiff alleges that Lazer Spot failed to comply with 29 U.S.C. §§ 201 *et seq.* of the Fair Labor Standards Act and Nev. Rev. Stat. §§ 608.05 *et seq.* (Compl. ¶¶ 40-68.)

2. On April 11, 2017, Plaintiff served a copy of the Complaint and the attached Summons on Lazer Spot's registered agent, CSC. A copy of Plaintiff's Complaint, and all other process, pleadings, and orders from the state court proceeding are attached hereto as **Exhibit 1**.

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days after Defendant's receipt through service of a copy of an initial pleading setting forth the claim or relief upon which this action is based.

## BASIS FOR REMOVAL

4. This action is removable under 28 U.S.C. § 1441 because it is a civil action over which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The requirements of 28 U.S.C. § 1331 have been met because in the Complaint, Plaintiff alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

5. Accordingly, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction, and, therefore, is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

6. The Court has supplemental jurisdiction over Plaintiff's individual, state law claim pursuant to 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, Plaintiff makes it clear in his Complaint that the same conduct by Lazer Spot forms the basis of both his state and federal law claims; namely, Lazer Spot's purported failure to pay Plaintiff a premium wage for overtime work. (*See* Compl. ¶ 53 ("Defendant's

| | |
|---|---|
| 1 | failure and refusal to pay lawful wages to Plaintiff for overtime wages owed violated the FLSA . |
| 2 | . . ."), ¶ 64 ("Defendant's failure and refusal to pay lawful wages to Plaintiff [for] his overtime |
| 3 | wages owed violated N.R.S. 608.005 *et. seq.* [*sic*].").) 28 U.S.C. § 1367(c). |
| 4 | 7. A district court may decline to exercise supplemental jurisdiction over a claim if: |
| 5 | (1) the claim raises a novel or complex issue of State law; (2) the claim substantially |
| 6 | predominates over the claim or claims over which the district court has original jurisdiction; (3) |
| 7 | the district court has dismissed all claims over which it has original jurisdiction; or (4) there are |
| 8 | other compelling reasons for declining jurisdiction. None of these factors are present in the |
| 9 | instant case. Indeed, other courts in this Circuit have concluded that the exercise of |
| 10 | supplemental jurisdiction is proper where all claims relate to the underlying wage dispute. *See,* |
| 11 | *e.g., Mincy v. Staff Leasing, L.P.*, 100 F. Supp. 2d 1050, 1058 (D. Ariz. 2000) (concluding that |
| 12 | "there [wa]s no doubt that the Court has jurisdiction over all Plaintiffs' claims" where the |
| 13 | plaintiffs asserted an FLSA claim as well as "state law causes of action . . . all related to the |
| 14 | wage dispute"). |
| 15 | 8. This action is also removable under 28 U.S.C. § 1332, which provides that "the |
| 16 | district courts shall have original jurisdiction of all civil actions where the matter in controversy |
| 17 | exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) |
| 18 | citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). |
| 19 | 9. Plaintiff is a citizen of the State of Nevada. *See* Complaint, ¶ 7. Lazer Spot is a |
| 20 | citizen of the State of Georgia for purposes of the diversity jurisdiction statute, because it is a |
| 21 | corporation organized under the laws of the State of Georgia and has its principal place of |
| 22 | business in Georgia. *See* **Exhibit 2** (Declaration of Rhonda Wilcox McCurtain ); *see also* 28 |
| 23 | U.S.C. § 1332(c)(1). The Court should thus conclude that there is complete diversity among the |
| 24 | parties. |
| 25 | 10. Lazer Spot believes in good faith that the amount in controversy in this matter |
| 26 | exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). In support |
| 27 | of its good faith belief, Lazer Spot relies on the allegations of the Complaint and Plaintiff's |
| 28 | |

prayer for relief in which Plaintiff seeks, among other things, back wages, liquidated damages, injunctive relief, and attorney's fees.

## VENUE AND OTHER JURISDICTIONAL ISSUES

11. This action is pending in the Eighth Judicial District Court in and for Clark County, Nevada and, therefore, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

12. Prompt written notice of this Notice of Removal is being sent to Plaintiff through his counsel and to the Clerk of Court of the Eighth Judicial District Court in and for Clark County, Nevada, as required by 28 U.S.C. § 1446(d). A copy of the notice is attached as **Exhibit 3**.

13. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendant's factual allegations have evidentiary support, and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needless increase in the cost of litigation.

DATED: May 1, 2017

Respectfully submitted,

_____
Aileen E. Cohen
Nev. Bar. No. 005263
Michael C. Mills
Nev. Bar. No. 003534
Bauman Loewe Witt & Maxwell, PLLC
3650 North Rancho Drive, Suite 114
Las Vegas, Nevada 89130
Telephone: 702-240-6060
Facsimile: 720-240-4267

Counsel for Defendant
LAZER SPOT, INC.

DEFENDANT LAZER SPOT, INC.'S NOTICE OF REMOVAL

2789015V1